UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

HARZELL LAMONT DAVIS,

    Plaintiff,

v.                                       Case No. 5:23-cv-78-TKW-MJF

ALISON HANEY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Because Plaintiff failed to comply with two court orders, failed to pay the filing fee, and failed comply with the Local Rules, the District Court should dismiss this action without prejudice.

### I. BACKGROUND

On March 27, 2023, the undersigned ordered Plaintiff to file an amended complaint on the court-approved form. Doc. 3. The undersigned also ordered Plaintiff to pay the filing fee of $402 or file a completed application for leave to proceed *in forma pauperis*. *Id.* The undersigned imposed a deadline of April 24, 2023, to comply and warned Plaintiff that the failure to comply with the order likely would result in dismissal of this action. *Id.* Plaintiff did not comply with that order.

On May 8, 2023, the undersigned ordered Plaintiff to explain and show cause why he failed to comply with the undersigned's order of March 27, 2023. Doc. 4.

The undersigned imposed a deadline of May 22, 2023, to comply and again warned Plaintiff that the failure to comply with the order likely would result in dismissal of this action.

On May 15, 2023, Plaintiff filed a response to the order to show cause. Doc. 5. Based on Plaintiff's response, on May 17, 2023, the undersigned *sua sponte* granted Plaintiff an extension of time to submit an amended complaint on the court-approved form. Doc. 6. The undersigned also extended Plaintiff's deadline to pay $402 or submit a completed motion for leave to proceed *in forma pauperis*. *Id.* The undersigned provided Plaintiff until June 12, 2023, to comply with that order. *Id.* The undersigned again warned Plaintiff that the failure to comply timely likely would result in dismissal of this action.

On June 20, 2023, Plaintiff submitted a handwritten motion titled "Consideration for Reclassification of Sentence." Doc. 7. Plaintiff, however, did not pay the filing fee or move for *in forma pauperis* status. Further, to the extent that this document could be construed a complaint or a habeas petition, it was not on the court-approved form.

On June 26, 2023, the undersigned ordered Plaintiff to show cause for his failure to comply with the undersigned's May 17, 2023 order. The undersigned provided Plaintiff until July 10, 2023, to comply. Doc. 8. The undersigned also

warned Plaintiff that the failure to comply likely would result in dismissal of this action.

On July 7, 2023, Plaintiff responded, stating that this case should not be dismissed because Plaintiff's claims have merit. Doc. 9. Plaintiff's response does not address his failure to use the court-approved form. It also does not address Plaintiff's failure to pay the filing fee or move for *in forma pauperis* status. Further, as of the date of this report and recommendation, Plaintiff has not paid the filing fee or moved for leave to proceed *in forma pauperis*.[1] Nor has he submitted a complaint on the court-approved form.

## II. Discussion

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order"). A district court also may dismiss a civil action *sua sponte* for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash*

---

[1] On July 17, 2023, Plaintiff submitted a printout of his transactions from January 11, 2023, through July 11, 2023. Notably, this does not cover the six-month period immediately preceding the date Plaintiff filed this lawsuit. In any event, Plaintiff did not file a motion for leave to proceed *in forma pauperis*, a financial affidavit, and a prisoner consent form and financial certificate as instructed. Thus, this filing is still deficient, and Plaintiff offers no justification for his failure to comply with the undersigned's orders.

*R.R. Co.*, 370 U.S. 626, 632 (1962). Further, a court may dismiss a civil action for failure to pay the filing fee so long as the plaintiff has been afforded an opportunity to explain his failure. *See Wilson v. Sargent*, 313 F.3d 1315, 1322 (11th Cir. 2002).

Despite being afforded an opportunity to explain his failures, Plaintiff has not shown good cause and has offered no excuse for his failures. Plaintiff's assertion that his claims have merit misses the mark. Plaintiff failed to comply with court orders and the Local Rules, and Plaintiff does not address his failure to comply with court orders or the Local Rules. Accordingly, dismissal of this civil action is appropriate.

### III. CONCLUSION

Because Plaintiff failed to comply with two court orders, failed to pay the filing fee, and failed to comply with the Local Rules, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this action without prejudice.

2. **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this <u>21st</u> day of July, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding**

**dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**